UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THU BANH,** an individual,
and **VI NGUYEN,**
an individual,

         Plaintiffs,

v.

**NEW ORLEANS CRISPY CHICKEN
AND CHILI DOGS,** a Michigan Limited
Liability Company, and
**ANDREW KERN SANG VAN LE,**
an individual,

         Defendants.
_____/

Case No.

Hon.

Robert Anthony Alvarez (P66954)
Victoria Smalley (P80179)
AVANTI LAW GROUP, PLLC
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com
_____/

## ORIGINAL COMPLAINT

### INTRODUCTION

1. This is a civil action brought by Plaintiffs, Thu Banh and Vi Nguyen, to recover for Defendants' willful and knowing violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the Workforce Opportunity Wage Act ("WOWA"), M.C.L.A. § 408.411, et seq.

2. During the period of the parties' employment relationship, Defendants failed to pay Plaintiffs the minimum wage for all hours worked.

3. Defendants knowingly failed to pay Plaintiffs the required minimum wage for all hours worked.

4. Plaintiffs seek a declaration that their rights were violated, an award of unpaid wages, an award of liquidated damages along with an award of attorney's fees and costs to make them whole for damages suffered.

## JURISDICTION & VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. Defendant business's annual sales exceed $500,000, and Defendants employ more than two persons, so the FLSA applies in this case on an enterprise basis.

7. Defendant corporation's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

8. The Court has supplemental jurisdiction over the state law claim asserted herein pursuant to 28 U.S.C. § 1367.

9. Supplemental jurisdiction is appropriate because Plaintiffs' state law claim shares a common nucleus of operative fact with Plaintiffs' federal claim and are most efficiently resolved together in one court.

10. Defendant business is and was at all times relevant incorporated in the State of Michigan and had its principal place of business located in Kent County, Michigan, within the United States Judicial District of the Western District of Michigan.

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

## PARTIES

12. Plaintiff Thu Banh (hereinafter referred to as "Banh") is an individual residing in the County of Kent, state of Michigan.

13. Plaintiff Vi Nguyen (hereinafter referred to as "Nguyen") is an individual residing in the County of Kent, state of Michigan.

14. Plaintiffs worked for Defendants during the last three years.

15. Plaintiffs have executed their consent to sue forms, attached hereto as *Exhibit A*.

16. Defendant New Orleans Crispy Chicken and Chili Dogs (hereinafter referred to as "New Orleans") is a Michigan Corporation located in Kent County, Michigan, and whose resident agent is Andrew Kern Sang Van Le for all relevant times.

17. Defendant Andrew Kern Sang Van Le (hereinafter referred to as "Le") is an individual who is a resident of the County of Kent, state of Michigan and who owned Defendant New Orleans during Plaintiffs' employment.

18. Defendant Le was responsible for the day to day operation of the business and was directly involved in the decisions regarding the work, scheduling and compensation of Plaintiffs.

19. Defendant New Orleans is an enterprise engaged in commerce or in the production of goods for commerce, as defined by FLSA.

20. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

21. Defendants employed Plaintiffs within the meaning of 29 U.S.C. § 203(g).

22. Defendants failed to pay Plaintiffs minimum wage.

## **GENERAL ALLEGATIONS**

23. Plaintiffs incorporate by reference the preceding paragraphs as though set forth fully herein.

24. At all relevant times, Defendants were Plaintiffs' employer and the Defendants were engaged in interstate commerce as defined in the FLSA.

25. At all relevant times, Plaintiffs performed general labor for Defendants.

## PLAINTIFF BANH

26. Plaintiff Banh began working for Defendants in approximately October 2015.

27. Plaintiff Banh assisted in preparing the building for Defendant New Orleans' grand opening.

28. Before Defendant New Orleans was open and operating as a restaurant, Plaintiff Banh painted, cleaned, and worked with contractors in preparation for New Orleans' grand opening.

29. Once Defendant New Orleans was open and operating as a restaurant, Plaintiff Banh job duties included, but was not limited to: taking orders, cashiering, inventory, ordering food and supplies, preparing food, and cleaning the restaurant.

30. Plaintiff Banh typically worked seven days a week for Defendants.

31. Monday through Friday, Plaintiff Banh typically worked 4:30pm to 9:00pm or close.

32. Saturday and Sunday, Plaintiff Banh typically worked noon to 7:00pm or 8:00pm.

33. Plaintiff Banh typically worked an average of twenty-five (25) to thirty-five (35) hours a week.

34. Plaintiff Banh was not required nor instructed to clock into Defendants' time-keeping system.

35. Plaintiff Bhan typically did not take any breaks or lunches during her shifts for Defendants.

36. Plaintiff Bhan was put on Defendants' work schedule by Defendant Le and was expected and required to work certain hours.

37. Plaintiff Banh was employed by Defendants until approximately November 7, 2016.

38. While Plaintiff Banh was employed by Defendants, Plaintiff Banh was never compensated for any work performed for Defendants.

39. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

40. Defendants did not properly compensate Plaintiff Banh for all the hours he worked.

41. Defendants did not compensate Plaintiff Banh the proper minimum hourly wage for all work performed as required by the FLSA and WOWA.

### **PLAINTIFF NGUYEN**

42. Plaintiff Nguyen began working for Defendants in approximately October 2015.

43. Plaintiff Nguyen assisted in preparing the building for Defendant New Orleans' grand opening.

44. Before Defendant New Orleans was open and operating as a restaurant, Plaintiff Nguyen painted, cleaned, and worked with contractors in preparation for New Orleans' grand opening.

45. Once Defendant New Orleans was open and operating as a restaurant, Plaintiff Nguyen job duties included, but was not limited to: opening and setting up the restaurant, turning on equipment, preparing food, and cleaning the restaurant.

46. Plaintiff Nguyen typically worked six days a week for Defendants.

47. Monday through Friday, Plaintiff Nguyen typically worked 9:30am to noon or 1:00pm, and also from approximately 10:00pm to 11:30pm.

48. Plaintiff Nguyen typically worked an average of twenty (20) to twenty-eight (28) hours a week.

49. Plaintiff Nguyen was not required nor instructed to clock into Defendants' time-keeping system.

50. Plaintiff Nguyen typically did not take any breaks or lunches during her shifts for Defendants.

51. Plaintiff Nguyen was expected and required to work certain hours for Defendants.

52. If Plaintiff Nguyen would not have worked for Defendants, Defendants would have been required to schedule and pay another employee to perform the work done by Plaintiff Nguyen.

53. Plaintiff Nguyen was employed by Defendants until approximately November 7, 2016.

54. While Plaintiff Nguyen was employed by Defendants, Plaintiff Nguyen was never compensated for any work performed for Defendants.

55. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of 40 hours per workweek.

56. Defendants did not properly compensate Plaintiff Nguyen for all the hours he worked.

57. Defendants did not compensate Plaintiff Nguyen the proper minimum hourly wage for all work performed as required by the FLSA and WOWA.

### **WILLFUL VIOLATION OF FLSA**

58. Defendants knowingly took advantage of Plaintiff' desire to have the restaurant succeed in order to not compensate Plaintiffs.

59. Defendant Le knew of Plaintiffs' willingness to assist and work at the restaurant.

60. Defendant Le promised Plaintiffs they would be compensated sometime in the future for worked performed at Defendant New Orleans.

61. Defendant Le agreed Plaintiff Banh would start to be compensated for work performed at Defendant New Orleans on a certain date but failed to pay Plaintiff Banh on that date.

62. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY MINIMUM WAGE

63. Plaintiffs hereby incorporate and reallege all the paragraphs above.

64. At all times relevant to this action, Defendants were an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

65. Plaintiffs were "employee[s]" of the Defendants as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

66. Defendants "suffered or permitted" Plaintiffs to work and thus "employed" Plaintiffs as defined by the FLSA.

67. Plaintiffs either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

68. Defendants are engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

69. Defendants violated the FLSA by failing to pay the Plaintiffs the federally mandated minimum wage for all hours worked.

70. Defendants' violations of the FLSA were knowing and willful.

71. As a result of Defendants' violation, Plaintiffs are entitled to their unpaid wages plus an additional equal amount in liquidated statutory damages along with costs and a reasonable attorney's fee.

## COUNT II
## VIOLATION OF THE MICHIGAN'S WORKFORCE OPPORTUNITY WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

72. Plaintiffs hereby incorporate and reallege all the paragraphs above.

73. The Michigan's Workforce Opportunity Wage Act, makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L.A. § 408.411, et seq.

74. Defendants were an "employer" as defined under the WOWA at all relevant times.

75. Plaintiffs were "employee[s]" as defined under the WOWA at all relevant times.

76. Defendants regularly suffered or permitted Plaintiffs to work.

77. Defendants did not pay Plaintiffs the minimum wage for all hours worked by Plaintiffs as mandated by WOWA.

78. The MWOWA, provides that as a remedy for a violation of the Act, an employee is entitled to "an equal additional amount as liquidated damages together with costs and such reasonable attorney fees."

79. Plaintiffs are therefore entitled to their unpaid wages as well as an equal amount as liquidated damages.

80. Plaintiffs are also entitled to costs and a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the following relief:

A. An Order declaring Defendants violated the FLSA;

B. An Order declaring Defendants violated the WOWA;

C. An Order granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, and awarding Plaintiffs the full amount of damages and liquidated damages available to them under the FLSA;

D. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the FLSA as provided by statute;

E. An Order awarding reasonable attorney's fees and costs incurred by Plaintiffs under the

F. An Order awarding such other and further relief as this Court deems appropriate.

## VERIFICATION

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 1/12/17

Thu Banh

I declare under penalty of perjury that the statements outlined above in this Original Complaint are true and accurate to the best of my knowledge, information and belief.

Date: 01-12-17

Vi Nguyen

## REQUEST FOR TRIAL BY JURY

NOW COME Plaintiffs by and through their attorney, Robert Anthony Alvarez, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 12, 2017          Respectfully Submitted,

/s/ Robert Anthony Alvarez
Robert Anthony Alvarez (P66954)
Attorney for Plaintiff
Avanti Law Group. PLLC
600 28th Street SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com